UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>SHELLY S. SINGHAL, )<br>)<br>Defendant. )<br>) | Crim. No. 11-142-1 (RCL) |

## MEMORANDUM OPINION AND ORDER

Now before this Court is defendant Singhal's motion [209] to terminate his term of supervised release pursuant to Rule 32.1(c) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3583(e)(1). Upon consideration of the government's and defendant's filings, the entire record in this case, and the applicable law, defendant's motion will be **DENIED**.

In ruling on a motion to terminate a term of supervised release, § 3583(e)(1) instructs courts to consider the factors set forth in "section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)" to determine whether or not such termination is "warranted." In other words, to rule on this motion, the Court must look to: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of available sentences; (iv) any pertinent policy statement issued by the Sentencing Commission; (v) the need to avoid unwarranted sentencing discrepancies; and (vi) the need to provide restitution to any victims of the offense.

In evaluating these factors, the Court finds that the alleged foul play that occurred "approximately 24 hours" after defendant Singhal was sentenced sheds light upon the history and characteristics of the defendant and weighs strongly in favor of finding that termination of supervised release is unwarranted. Government's Opp'n to Def. Shelly S. Singhal's Mot. to Terminate Supervised Release ¶ 6. The government has provided ample evidence that defendant Singhal "provided false or misleading documents and statements to the bank in an attempt to gain access to the remaining balance" in the account central to the defendants conspiracy to impede the lawful function of the Internal Revenue Service. *Id.*

Although defendant Singal "has been compliant with the terms and conditions of his supervision, has maintained stable residence and employment, has not had any violations, and has not sustained any new arrests or convictions," the inquiry does not end there. Reply to Government's Opp'n to Defendant Shelly S. Singhal's Mot. to Terminate Supervised Release 1. The Court must holistically review the factors set forth in § 3583(e)(1), and in doing so finds that termination of defendant Singhal's term of supervised release is unwarranted.

For the reasons discussed above, it is hereby

**ORDERED** that the defendant's motion is **DENIED**.

**SO ORDERED** this /5th day of October 2015.

ROYCE C. LAMBERTH
United States District Court